**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF OKLAHOMA**

**KIMBERLY GRAHAM,**
Petitioner,

**v.**

**1) TULSA COUNTY SHERIFF VICTOR REGALADO and 2) THE HONORABLE TRACY PRIDDY**, DISTRICT COURT JUDGE OF THE FOURTEENTH JUDICIAL DISTRICT
**Respondents.**

**APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 18 U.S.C.A. 2254 AND 2241**

*Seeking Relief From*

**The OCCA's April 18, 2023, Order Denying Extraordinary Relief and Respondent's Order of November 5, 2021, in Tulsa Co. CF-2007-5987 Granting the State's** *Motion to Vacate Order Granting Post Conviction Relief, Reinstate Conviction and Sentences, and Remand to Custody*

Respectfully Submitted to the Court by

Richard O'Carroll OBA #11947
***O'Carroll & O'Carroll***
2171 N. Vancouver
Tulsa, OK 74127(918) 584-4192

**Attorney for Kimberly Graham**

as of

April 25, 2023

## TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

UNDISPUTED PROCEDURAL FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*The Dissenting Judges' Opinions.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*The Factual Error of the Majority Per OCCA's Order* . . . . . . . . . . . . . . . . . . . . 9

ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*The Petitioner Had a Substantial and Legitimate Expectation OCCA Would Honor the Respondent's Final Order Dismissing Her Case Because the State Had Defaulted its Appeal.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*The Respondent and OCCA Made a Erroneous Factual Error Regarding the Validity of Bosse v. State, 2012 OK CR 3, now vacated, 2021 OK CR 23 on April 8, 2023, in an Effort to Rationalize the Irrational* . . . . . . . . . . . . . . . . . . . . . . . 15

*Madloff:* The Void Voiding the "Void." . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

SIGNATURE AND CERTIFICATE OF COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . 19

**TABLE OF AUTHORITIES**

28 U.S.C. § 2254 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 15

22 O.S. 1991 § 1087 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 10

22 O.S. § 1080, *et. seq.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Rule 2.1, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App.

(1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 18

Rule 5.2, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App.

(1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

*Application of Anderson*, 1990 OK CR 82, 803 P.2d 1160 . . . . . . . . . . . . . . . . . 8, 15

*Bosse v. State*, 2012 OK CR 3, *now vacated*, 2021 OK CR 3

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 7, 9, 12, 14, 15, 16, 17

*Calley v. Callaway*, 496 F.2d 701, (5th Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Flowers v. State,* 2016 OK CR 22, 387 P.3d 947 . . . . . . . . . . . . . . . . . . . . . . . 2, 11

*Ex Parte Eley* 1913 OK CR 77, 9 Okla. Cr. 76, 130 P. 821 . . . . . . . . . . . . . . . . . . 15

Fourteenth Amendment United States Constitution . . . . . . . . . . . . . . . . . 9, 10, 16, 17

*Jones v. State,*1983 OK CR 127*, 668 P.2d 1170 . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Harris v. District Court of Oklahoma County*, 1988 OK CR 26, 750 P.2d 1129 . . . . . . 15

*Herrera v. Collins*, 506 U.S. 390, 113 S. Ct. 853, 122 L. Ed.2d 203. (1993) . . . . . . . . 15

*Hicks v. Oklahoma,* 447 U.S. 343, 100 S. Ct. 2227, 65 L. Ed.2d 175 (1980) . . . . 11, 16

*Johnston v. Marsh*, 227 F.2d 528 (3rd Cir. 1955) . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Matloff v. Wallace*, 2021 OK CR 21, 485 P.3d 867 . . . . . . . 2, 5, 6, 7, 8, 12, 14, 15, 17

*McGirt v. Oklahoma*, 140 S. Ct. 2452, 207 L. Ed. 2d 985 (2020)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 6, 7, 8, 13

*Murphy v. Royal*, 875 P.3d 896 (10th Cir. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Morgan v. State,* 1984 OK CR 45, 675 P.2d 473) . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Rowell v. Smith,* 1975 OK CR 64, 634 P.2d 689 . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*State* v. *Barnes,* 1997 OK CR 81, 952 P.2d 100 . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*State v. Young,* 1994 OK CR 25, 874 P.2d 57 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*State v. Young*, 1922 OK CR 7, 20 Okl.Cr. 383, 203 P. 484 . . . . . . . . . . . . . . . . . . . . 12

*State v. Young,*1999 OK CR 14, 989 P.2d 94 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*U.S. v. Collins*, 528 F.Supp. 83 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed.2d 677(1984). . . . . . 14

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF OKLAHOMA**

KIMBERLY ELIZABETH GRAHAM,　　　)
　　　　　　　　　　　Petitioner,　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
1)TULSA COUNTY SHERIFF VICTOR　　)
REGALADO and 2)THE HONORABLE TRACY)
PRIDDY, JUDGE OF THE DISTRICT COURT　)
　　　　　　　　　　　Respondents.　　)

**APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 18 U.S.C.A. 2254 AND 2241**

### INTRODUCTION

Petitioner Kimberly Graham ("Petitioner") seeks an order from this Court to nullify the unprecedented and lawless action of the Oklahoma Court of Criminal Appeals ("OCCA"). On April 8, 2021, Judge Tracy Priddy (the Respondent) granted the Petitioner's application for post-conviction relief (PCR) on what was commonly called a *McGirt* motion. The Respondent found that Petitioner was entitled to relief because she was a Native on Indian Land and per, *McGirt* and *Bosse,* the state courts no longer had subject matter jurisdiction. *See* Ex. 1., Appx to Petitioner's Writ of Prohibition.

Immediately after Respondent issued her order, Petitioner was released from custody after serving fourteen (14) years of her one hundred and seven year (107) sentence for DUI manslaughter.  In Oklahoma the *Uniform Post-Conviction Procedure Act* provides the State the right to appeal.  *See* 22 O.S. 1991 § 1087(which provides that a notice of intent to appeal be filed within 10 days of the order and a petition in error must be filed within 30 days).  OCCA has held that "[e]xcluding a timely appeal, the *Uniform*

*Post–Conviction Procedure Act* (22 O.S.2011, § 1080 *et. seq.*) encompasses and replaces all common law and statutory methods of challenging a conviction or sentence." *Flowers v. State,* 2016 OK CR 22, 387 P.3d 947(J. Lumpkin, dissenting). (Citations omitted.)  The State was present when the Respondent vacated the Petitioner's conviction, yet it did not announce its intent to appeal, make any effort to tether the Petitioner and it never sought an appeal in any way, shape or form.  *See* Ex. 2, *Appendix to United States District Court* (Appx. U.S.D.C.).

Inexplicably, on  August 25, 2021, some three (3) months after the statutory deadline to appeal had lapsed, the State filed a so-called *Motion to Vacate Order Granting Post Conviction Relief, Reinstate Conviction and Sentences, and Remand to Custody*. Through this unprecedented "Motion" the State argued that the new holding of  *Matloff  v. Wallace*, 2021 OK CR 21, 485 P.3d 867, should be retroactively applied to this Petitioner. It further argued that  *Bosse v. State*, 2012 OK CR 3, was now vacated. The Petitioner opposed arguing, among other things, that the Respondent lacked the power to re-litigate a final order and the *Bosse* case was the Law of the Land on April 8, 2021.  *See* Ex. 9, Hg. Tr. Appx to Petitioner's Writ of Prohibition.

On November 5, 2021, the Respondent "un-dismissed" her now final order granting the Petitioner her PCR and instead granted the State's motion "re-convicting" the Respondent. *See* Ex. 9, Hg. Tr. Appx to Petitioner's Writ of Prohibition. As a purported justification for its actions, the Respondent applied a new case not in existence a the time of the Petitioner's release. The Respondent further retroactively applied the new case not in existence at the time of the Petitioner's release   *Matloff  v. Wallace*, 2021 OK CR 21, 485 P.3d 867, which ironically purports to eliiminate retroactive new rules by a petitioner.

Respondent stayed her order.  The Journal Entry was signed November 17, 2021 and on November 19, 2021, the Petitioner sought relief in the OCCA by way of a writ of prohibition.

On April 18, 2023, in a 3-2 split decision OCCA's issued its order denying the Petitioner's application.  The OCCA falsely characterized the Respondent's un-appealed release as "unauthorized by law" by evading the fact the mandate in *Bosse* was issued the day before and suspended the day after the April 8, 2021, date of the Respondent's order vacating her conviction.  *See* Ex. 3-4, Appx to U.S.D.C.  OCCA's order is further contrary to the Petitioner's right to due process and equal protection because there are myriad procedural bars to attacking an un-appealed final order.  OCCA's order is commensurately contrary to extensive and well-settled Oklahoma jurisprudence and it is simply without precedent.  *See* below.

Likewise, the Petitioner has a liberty interest protected by a clear, specific and exclusive method under Oklahoma law for the State to seek relief from the district court's order freeing her.  It chose not to do so and it is a Fourteenth Amendment Due Process violation for OCCA to allow the State an unlawful remedy.

<strong>PRAYER FOR RELIEF</strong>

The Petitioner is seeking the following relief:

- An order enjoining Sheriff Rigalato, Judge Priddy or her successor from holding the Petitioner in custody during the pendency of this action.  The Petitioner surrendered two (2) years after her post-conviction order granting relief became final on Thursday, April 20, 2023 and is currently in custody of Sheriff Regalado;

- An order allowing the Petitioner to be released from custody on bail during the pendency of this action; to wit: A month after her release the Muscogee (Creek)

Nation prosecuted the Petitioner who is tethered to that proceeding on a Fifty-Two Thousand Dollar ($52,000.00) cash bond.  The Petitioner sought a stay from Judge Guten, since Judge Priddy went to a civil docket, which was denied.  The Petitioner sought a stay from OCCA which was denied 3-2.  The Petitioner is seeking bail pending resolution of this matter.  It is within the power and discretion of the Court to fix bond for State prisoners who are proceeding under 28 U.S.C. § 2254. *Johnston v. Marsh*, 227 F.2d 528 (3rd Cir. 1955); *see also Calley v. Callaway*, 496 F.2d 701, 702 (5th  Cir. 1974) (per curiam)("Bail should be granted to a military prisoner pending postconviction haApril 24, 2023beas corpus review only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success . . . ." *U.S. v. Collins*, 528 F.Supp. 83 (1981).

- An order immediately staying and subsequently holding for naught the Respondent's *Order Granting the State's Motion to Vacate Order Granting Post Conviction Relief, Reinstate Conviction and Sentences, and Remand to Custody* and declaring same a nullity;

- Any such other relief and law or equity the Court deems just and proper.

### UNDISPUTED PROCEDURAL FACTS

On November 9, 2007, the Petitioner surrendered after leaving the scene of an accident wherein five (5) people died attempting to retrieve their wrecked motorcycles in front of a bar in the street in the middle of the night.  The Petitioner was held without bond in Tulsa Co, CF-07-5987 and convicted September 1, 2009, with Judge Thornbrugh sentencing the Petitioner to one hundred and seven (107) years after the trial judge, The Honorable Thomas Gillert recused.  The Petitioner's direct appeal was denied in OCCA

case F-09-786 with the mandate being issued August 31, 2011.  On November 21, 2012, the Petitioner filed an PCR alleging ineffective assistance of counsel.  This PCR was supplemented August 30, 2017, with the *Murphy v. Royal*, 875 P.3d 896 (10th Cir. 2017) since the Petitioner was Native and the events occurred on Indian Land and subsequently supplemented again with *McGirt* and narrowed to only include the *McGirt* issue.

March 26, 2021, the Respondent advised the State that she was granting Ms. Graham's post conviction relief. On April 8, 2021, the Respondent issued a journal entry granting Ms. Graham's application for post-conviction relief pursuant to *McGirt v. Oklahoma*, 140 S. Ct. 2452, 207 L. Ed. 2d 985 (2020) and *Bosse v. State*, 2012 OK CR 3, *now vacated*, 2021 OK CR 23. The State was in attendance on both occasions.  During oral argument on the State's motion to vacate a final order, the State conceded that it "appeared the Court entered a proper ruling" on April 8, 2021. *See* Ex. 10, pg 4, Appendix to OCCA, filed 11/19/21.

On April 7, 2021, OCCA had just denied the State's unlawful petition for rehearing on the *Bosse* case and Judge Kuehn signed an *Order for Mandate to Issue* which was temporarily recalled on April 9, 2021.  *See* Ex. 3-4 in  *Appendix for United States District Court* (Appx. U.S.D.C.). As noted in the Petitioner's verified pleading and appendix in OCCA, the Judge Priddy's order granting the Petitioner post conviction relief  was issued and filed April 8, 2021.  The Petitioner was released from *Mabel Bassett* the same day after the DOC lawyer did his due diligence.

Eight days later on April 15, 2021, the United States Supreme Court granted a stay in the *Bosse* case.  Thus, the State was on notice that the *Bosse* case was still in play less than ten days after the Respondent's April 8, 2021, ruling.  This allowed the State to seek

either an appeal or a stay of the Respondent's order dismissing the Petitioner's case.

The State did not announce a request for a stay. The State did not announce an intent to seek extraordinary relief. The State did not give notice of intent to appeal. Likewise, the State did not appeal or seek extraordinary relief from the Respondent's order within thirty (30) days, or file an petition in error within thirty (30) days. Hence, the Respondent did not tether Ms. Graham who was released from custody the same day as the order was signed on April 8, 2021. The State did nothing and the Petitioner was arrested in the Muscogee (Creek) Nation based on the same facts in this case. *See Muscogee (Creek) Nation v. Graham*, CF-21-391, *see also Respondent's Order*, Ex. 2., U.S.D.C. (attached to Petitioner's writ of prohibition).

On August 25, 2021, some four months after the Respondent's order, the State filed its *Motion to Vacate Order Granting Post Conviction Relief, Reinstate Conviction and Sentences, and Remand to Custody*, premised upon the Court's decision in *Matloff v. Wallace*, 2021 OK CR 21, 485 P.3d 867 which was handed down by OCCA on August 12, 2021, more than four (4) months after the Petitioner's release.

The Petitioner specially appeared and moved to strike the State's motion for a lack of jurisdiction. Pleadings were exchanged and the Respondent rescheduled the hearing at least once. Eventually the Respondent retroactively applied the *Matloff* case holding the Petitioner should have been previously barred from raising subject matter jurisdiction on post-conviction relief. The Respondent, knowing that Ms. Graham was a Native and being prosecuted by the *Nation*, held the Petitioner should be re-incarcerated to serve her complete sentence. The Respondent stayed her order and the Petitioner sought a writ of prohibition in the OCCA on November 19, 2021. *See* Ex. 2., Appx. U.S.D.C.

Seemingly at a loss to decide the matter on April 20, 2022, the OCCA issued an order to the Attorney General on this and then approximately a dozen other similarly situated cases directing a response from the AG.  *See* Ex. 5., App. U.S.D.C.  November 4, 2022, the OCCA issued an order denying the similarly situated *Neasbitt* case[1] to which the Petitioner tendered a short response to the OCCA on November 8, 2022, magnifying the shortcomings of OCCA's *Neasbitt* order.  *See* Ex. 6-7., App. U.S.D.C.

OCCA denied the Petitioner's writ on April 18, 2023, with different language than the *Neasbitt* order but with the same underlying premises with another 3-2 split.

### *The Dissenting Judges' Opinions.*

Both Judge Rowland and Judge Lumpkin wrote powerful dissents indicating this unpublished *Order* was unprecedented.  *See* Ex. 1 Appx to U.S.D.C.

Judge Rowland stated:

Post-conviction relief in Oklahoma is governed entirely by statute, and where the Post-Conviction Procedure Act does not grant a court jurisdiction, no jurisdiction exists. . .In this case, Judge Priddy granted post-conviction relief on April 8, 2021, vacating Petitioner's convictions, and pursuant to statute, the State had thirty days in which to appeal. The State did not do so and Judge Priddy's order became final. On August 12, 2021, this Court handed down *State ex rel. Matloff v. Wallace*, 2021 OK CR 21, 497 P.3d *686, cert.denied,* 142 S.Ct. 757 (2022), holding that the *McGirt* decision is not retroactive to convictions which had already become final.

Judge Rowland further stated: **"The State's motion to vacate the grant of post-conviction relief, filed August 25, 2021 and granted by Judge Priddy on November 18th, simply does not exist under Oklahoma law.** The post-conviction statute does

---

[1]Mr. Neasbitt was released before the mandate in the *Bosse* case and, upon information and belief, the others were released after the mandate in *Bosse* was pulled.

not provide for a motion to vacate, motion to reconsider, or anything other than a timely-filed appeal to this Court. 22 O.S.2011, § 1087." (Emphasis added).

Judge Rowland ended his analysis by writing:

The majority today glosses over that statutory limitation and holds that the non-retroactivity of *Matloff* is itself retroactive to this case. To conclude that Judge Priddy's original grant of post-conviction relief was"unauthorized by law, " the majority implicitly assumes that *Matloff* was the law even before we handed down that case. As authority, the Court relies upon *Application of Anderson*, 1990 OK CR 82, 803 P.2d 1160, a case which is, to say the least, a curious piece of jurisprudence. It is, to say the most, an invention by this Court three decades ago to stop a convicted axe murderer from being wrongly released. It is noteworthy that despite the State's failure to properly appeal that order, **both sides agreed the trial court's order releasing the prisoner was wrong**. *Anderson* was wrong then and it is wrong now. Even conceding its precedential value, it should be applied only where both sides agree the trial court's ruling was erroneous. Unlike *Anderson*, Petitioner does not concede the original grant of post-conviction relief was unlawful; in fact, she vehemently disputes it. (Emphasis added)

Likewise, Judge Lumpkin writes more than eleven (11) pages in his dissent. The following are salient <u>quotes which are double-spaced to easily read</u>:

• The record shows that on April 8, 2021, Tulsa County District Judge Tracy Priddy entered a valid order granting Petitioner post-conviction relief based upon the extant law at that time, *McGirt* and this Court's then interpretation of *McGirt* contained in *Bosse*. The State did not appeal that order. Now the State and this Court are bound by that judgment regardless of the legal basis upon which it was entered.

• Without finality in the law there is no law. This Court did what was legally required at the time *Bosse* was originally handed down. **The District Court acted as it was legally required to do when it granted the post-conviction**

**judgment which became final. The law was followed both times but now this Court is disregarding basic principles of law to reach a desired result.** (Emphasis added).

• The State did not seek an appeal out of time;

• Judge Priddy lacked authority to vacate her valid post-conviction order; she had no case pending before her and her order granting post-conviction relief had been final for several months;

• Judge Lumpkin dismantled the supposed precedent used by the majority ending with: "The only commonality between *Anderson* and this case is that they are both anomalies in the law and are examples of the exercise of raw judicial power without authority and without the matter being properly before the Court at the time the subject order is entered.

• We are required to adjudicate what is before us, not remake the case into something it is not to achieve a desired result.

• *Matloff* announced a new rule of criminal procedure; therefore, its holding should not be applied retroactively, just as it held the *McGirt* decision would not be applied retroactively. Yet retroactive application of *Matloff* is exactly what the majority does in this order in its quest to preserve the conviction.

• **There has never been a legal principle that allows for vacation of a final judgment when a court has no jurisdiction or authority to do so. This is a finite principle of law regardless of whether the court granting the final judgment did so using the correct or incorrect basis for the decision.** (Emphasis added)

- Everyday this Court denies requests by appellants to apply *McGirt* retroactively because of our holding in *Matloff* . This is proper due to our consistent application of the rule of law and established legal precedent. However, it is inconsistent to allow the State to re-imprison Petitioner after the lawful vacation of her conviction. Such a result obtains only through a process of result-driven legal gymnastics . . . .

- I am deeply disappointed the majority has abandoned the rule of law in this case. . . It is the rule of law that protects citizens from any single individual's or group's sense of justice at any particular time.

- The original published opinion in *Bosse* was handed down on March 11, 2021. The mandate issued on April 7, 2021, but was stayed on April 9, 2021, as shown on the docket. Fn1. pg 2 of dissent.

### *The Factual Error of the Majority Per OCCA's Order.*

Nevertheless, in the majority Judge Musseman called the Respondent's order a "timely correct[ion] to an order unauthorized by law."  Judge Hudson similarly brags that OCCA's "decision is firmly grounded in law and fact."  He characterizes the Petitioner's release as "erroneous" which was "promptly corrected."  He denies that it is  "feel-good judicial decision making which equitably corrects the State's failure to appeal the District Court's decision."  He calls the Respondent's order "unauthorized judicial relief" granted by the OCCA's "misdirection" in *Bosse*.  Finally, Judge Hudson recited "[w]e stayed the mandate in *Bosse* for forty-five days at the request of the Attorney General who, in turn, obtained a stay of mandate from the United States Supreme Court pending the timely filing and disposition of the State's petition for writ of certiorari. See *Oklahoma v. Bosse*,

_U.S._, 141 S. Ct. 2696 (May 26, 2021). The net result was our decision in *Bosse* was not final." (J. Hudson's Concurrence, pg 2). Judge Hudson did not include the starting date of the stay which was April 9, 2021, the day after the Petitioner's release.

**ARGUMENT AND AUTHORITIES**

The Respondent and the OCCA made mistakes of fact, utilized a case void on its face and arbitrarily and unlawfully ignored well-established state laws to the Petitioner detriment *after* the Respondent granted her application for post conviction relief April 8, 2021.

***The Petitioner Had a Substantial and Legitimate Expectation OCCA Would Honor the Respondent's Final Order Dismissing Her Case Because the State Had Defaulted its Appeal.***

The Respondent's and OCCA's manipulation of state law statutes and rules deprived the Petitioner of her liberty interest as provided by the Fourteenth Amendment. The Petitioner had a "substantial and legitimate expectation" that the Respondent's un-appealed order dismissing her case was final. *See Hicks v. Oklahoma,* 447 U.S. 343, 100 S. Ct. 2227, 65 L. Ed.2d 175 (1980)(wherein the Court held that state law error, is cognizable in federal habeas corpus when it results in a deprivation of a liberty interest in violation of his Fourteenth Amendment rights).

In Oklahoma the *Uniform Post-Conviction Procedure Act* provides the State the right to appeal. The State never sought an appeal or a stay as was its right. *See* 22 O.S. 1991 § 1087. OCCA has held that "[e]xcluding a timely appeal, the *Uniform Post–Conviction Procedure Act* (22 O.S.2011, § 1080 *et. seq.*) encompasses and replaces all common law and statutory methods of challenging a conviction or sentence." *Flowers v. State,* 2016 OK CR 22, 387 P.3d 947(J. Lumpkin, dissenting).

Page 11 of 20

(Citations omitted.)

When the State is afforded an appeal and declines to avail itself of same, then the trial court's order is final and is a statutory bar to further prosecution regardless of the merits of the district court's ruling; *see State v. Young*, 1922 OK CR 7, 20 Okl.Cr. 383, 396, 203 P. 484.  In the *Young* case the Court plainly held that "[i]t follows that, the state not having appealed from the judgment of the district court . . .said judgment of dismissal is a finality."  *Id.* 20 Okl.Cr. at 396.  Emphasis added.

Likewise,  in *Rowell v. Smith,* 1975 OK CR 64, ¶¶ 6–10,  634 P.2d 689, 690, OCCA held that the State's failure to appeal is final "even though [the district court's ruling] may have been based on an erroneous interpretation of law."  .  Emphasis added.  And, yet again, in   *State v. Young,* 1994 OK CR 25, 874 P.2d 57,(J. Lumpkin, concurring) it was definitively declared that "[a] judgment [on a "statutory bar"] is the final consideration and determination of a court of competent jurisdiction on the matters submitted to it . . . and conclusive as to the defendant's liability for the crime charged as though it has been rendered upon a verdict of not guilty . . . .".  Emphasis added.

Similarly, in *State v. Barnes,*1997 OK CR 81, ¶ 6, 952 P.2d 100, OCCA dismissed a State's appeal, holding: "Appeals, especially appeals by the State, are only required and allowed if specifically provided for by statute. . . Failure to follow the express provisions and steps necessary to perfect an appeal results in the waiver of the right to appeal and the dismissal of the appeal. Citations omitted.

Again, in *Jones v. State,*1983 OK CR 127, 668 P.2d 1170, the Court held the State's failure to file petition in error within thirty (30) days was fatal to its appeal. Similarly, in *State v. Young,*1999 OK CR 14, ¶ 14, 989 P.2d 94, the Court held the

State's appeal was dismissed on jurisdictional basis for failure to file timely file a petition in error.  These are only the appeals dropped by the State.

Furthermore, the Petitioner was not notified of a potential reversal of the trial court's order. Her case is closed and she was never tethered to the State.  *See,* Rule 2.1(D), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (1998) providing the "State must give notice in open court of the intent to appeal, and must State the specific authority under which the appeal will be taken in the written notice which must be filed in the trial court within ten (10) days of the District Court's order sought to be appealed.*").*

In *Morgan v. State,* 1984 OK CR 45, 675 P.2d 473, the Court issued a writ of prohibition stopping the district court appeal process because oral intent to appeal had not been given at preliminary hearing by the State.  The *Morgan* Court held that failure to notify a defendant of a potential appeal by the State undermined "the retention of the accused in actual or constructive custody assures that he or she will be available to satisfy the ultimate judgment of the reviewing courts. Absent such availability, the right of review afforded the State under Rule VI [now 22 O.S. § 1089.2(A)]could be rendered wholly ineffectual." *Id*. at ¶ 4.

Finally, the State, having relinquished custody of the Petitioner by vacating her conviction, the State no longer has jurisdiction of her because she is Native. *See McGirt v. Oklahoma*, 140 S. Ct. 2452, 207 L. Ed. 2d 985 (2020).

All of this law was provided to the Respondent and the OCCA, yet neither the Respondent or the OCCA addressed myriad these procedural bars.  In the *Neasbitt* order the plurality majority actual held that  "[n]othing in the Oklahoma Statutes, or our

own decisional authority prohibited the District Court's exercise of jurisdiction [to re-open an un-appealed case] under these circumstances." Slip Opinion, pg 5.  This language was removed after the Petitioner tendered her six (6) page response to OCCA.

In truth and in fact, nothing in the law supported the  retroactive application of new law on an un-appealed final judgment other than to cite the language in *Matloff v. Wallace* and emphasize that the *Bosse* case is no longer in the public domain.  OCCA in *Matloff v. Wallace,* afforded the State a pass on its omission of filing a petition in error because said omission, caused by the State's neglect, supposedly eliminated any other remedy at law.  (More on this later).  The Court noted that the petitioner in *Matloff*, "promptly" sought extraordinary relief prior to the expiration of his time to seek appellate relief.  Hence, it is implied, that only under such limited circumstances, will an application for original jurisdiction be substituted for a direct appeal. *Id.* at 2021 OK CR 21 at ¶¶ 40-41. Still, the *Matloff* Court ignored at least a couple of procedural bars, devices OCCA has used in legions of decisions against Citizens. Furthermore, there was nothing prompt by the State here.

At  least in *Matloff,* there was some pleading in the appellate court to rationalize OCCA's ruling.  There was none in this case and, in essence, the Respondent and now OCCA hold that any time the law changes, those who benefitted from the previous law are suddenly subject to arrest,  months and perhaps years later.  Such has never happened before. For example, when the Court imposed the good faith exception on the exclusionary rule, none of the citizens who were released prior to that change in *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed.2d 677(1984), were re-

arrested.  Likewise, the Respondent's holding in *Matloff* deems the State's negligence as not only immaterial, but a basis for extraordinary relief.  Further, the importance of procedural bars are evident.  The Court has held that procedural bars supercede actual innocence. *See Herrera v. Collins*, 506 U.S. 390, 113 S. Ct. 853, 122 L. Ed.2d 203. (1993)(wherein the Court held  held that a claim of actual innocence based on newly discovered evidence did not state a ground for federal habeas relief).

This is not a case wherein the Sheriff without authority released a petitioner, nor is it an agreed case, nor is it an not guilty by reason of insanity case wherein a judge rectified the release of a defendant by holding a statutorily mandated hearing on the dangerousness of the defendant within less than ten (10) days of his release.[2]   This is a case where both the State and the Petitioner, briefed and re-briefed the issues before the trial court for nearly a year.  The Respondent and OCCA were, respectfully, acting irrationally in the application of the law.  The Respondent and OCCA were, again respectfully, dishonest in  dismissing the numerous procedural bars cited above as if they were an aberration.

This is not a slippery slope.  This is the elimination of finality in district court judgements which is nothing less than structural error.

### *The Respondent and OCCA Made a Erroneous Factual Error Regarding the Validity of Bosse v. State, 2012 OK CR 3, now vacated, 2021 OK CR 23 on April 8, 2023, in an Effort to Rationalize the Irrational*.

18 U.S.C.A. § 2254(d)(2) provides that a *writ of habeas corpus* is allowed if the

---

[2]*See Ex Parte Eley* 1913 OK CR 77, 9 Okla. Cr. 76, 130 P. 821, *Application of Anderson*, 1990 OK CR 82, 803 P.2d 1160, *Harris v. District Court of Oklahoma County*, 1988 OK CR 26, 750 P.2d 1129, as respectively cited by OCCA.

State Court "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

Contrary to the majority's order, the *Bosse* case was the Law of the Land in Oklahoma the day the Petitioner's case was dismissed and she was released. The mandate on the *Bosse* case was issued on April 7, 2021, and suspended on April 9, 2021. *See* Ex. 3-4 App. U.S.D.C.; *see also*, Lumpkin, Judge: Dissenting: pg. 2, note 1. Nevertheless, in the majority Judge Musseman called the Respondent's order a "timely correct[ion] to an order unauthorized by law." Judge Hudson similarly brags that OCCA's "decision is firmly grounded in law and fact." He characterizes the Petitioner's release as "erroneous" which was "promptly corrected." He denies that it is "feel-good judicial decision making which equitably corrects the State's failure to appeal the District Court's decision." He calls the Respondent's order "unauthorized judicial relief" granted by the OCCA's "misdirection" in *Bosse*. Finally, Judge Hudson misleadingly recited:

> [w]e stayed the mandate in *Bosse* for forty-five days at the request of the Attorney General who, in turn, obtained a stay of mandate from the United States Supreme Court pending the timely filing and disposition of the State's petition for writ of certiorari. See *Oklahoma v. Bosse*, _U.S._, 141 S. Ct. 2696 (May 26, 2021). The net result was our decision in *Bosse* was not final.

(J. Hudson's Concurrence, pg 2).

Judge Hudson omits the inconvenient date of this stay which was April 9, 2021, the day after the Respondent ruled and the day after the Petitioner was released from DOC custody. Hence, the net result was that the *Bosse* decision was final as to the Petitioner and Judge Hudson was so informed first in writ of prohibition and again in her response to the *Neasbitt* ruling.    See Ex. 2-3., 6-7. Appx. U.S.D.C.

Moreover, in the *Neasbitt* order the plurality majority actual held that "[n]othing in the Oklahoma Statutes, or our own decisional authority prohibited the District Court's exercise of jurisdiction [to re-open an un-appealed case] under these circumstances." Slip Opinion, pg 5. In her tendered response to *Neasbitt* the Petitioner called this finding "simply untrue" and stated the Petitioner and Mr. Neasbitt both "cited 10 Oklahoma statutes, rules and cases wherein the Court procedurally barred the State's appeal and declared the trial court's ruling final . . . ."    See Ex. 7., Appx. U.S.D.C.

The OCCA was disingenuous in *Neasbitt* in its efforts to disguise the magnitude of the procedural bars that, as listed above, it was ignoring in its holding.  The order dismissing the Petitioner's relief in this case did not make the false claim in *Neasbitt*, but that holding, the Petitioner respectfully suggest, does give a clear indication of the *mens rea* of the majority judges; especially when coupled with the judge's mis-characterizations listed here.  Even the District Attorney in his argument before the Respondent agreed that her ruling was correct at the time it was made.  *See* Ex. 10, pg 4, Appendix to writ of prohibition.

OCCA's attempt to whitewash its aberrational ruling deprived the Petitioner of her liberty interest and her right to Fourteenth Amendment Due Process.

## *Madloff:* The Void Voiding the "Void."

*Matloff  v. Wallace*, 2021 OK CR 21, 485 P.3d 867, was void *ab initio* because it is contrary to Oklahoma procedural law on its face*.* In the wake of Judge Wallace's ruling, District Attorney Matloff had the clear statutory right to appeal the adverse order. 22 O.S. §1087. He had the right to ask the trial court for a stay, and if not granted, to present the request to OCCA. OCCA Rule 5.2(B). He had the right to brief the issues so

that the Court would be fully informed when making its decision. Rule 5.2(C), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (1998). He likely still has the right to seek an appeal out of time in the event his direct appellate rights were defaulted, waived, or barred. *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (1998). Rule 5.2(B) and Rule 2.l(E). However, he did not have the option of ignoring the mandatory statutory framework for challenging the Pushmataha County District Court's post-conviction ruling.

The current status of the law is unequal and unfair to citizen's who have been subject to ruthless efficiency by OCCA in defeating claims premised upon waiver while the same Court is now pretending the *Matloff* exception does not exist for the State. This special exception should not pass federal oversight based upon consistent application of independent and adequate state grounds.

It is axiomatic that an un-appealed district court order, whether civil or criminal, is final.  Similarly, as noted by Judge Lumpkin, OCCA denies claims on a daily basis by in applying procedural default to cause waiver of an issue when it is against the Citizen. In *Hicks v. Oklahoma,* 447 U.S. 343, 100 S. Ct. 2227, 65 L. Ed.2d 175 (1980) state law provided a specific method for determining whether a specific sentence should be imposed.  This created "substantial and legitimate expectation that [the Petitioner would] be deprived of his liberty", if this method was not used and that a "liberty interest is one that the Fourteenth Amendment preserves against arbitrary deprivation by the State." *Id.* at 346.  Re-conviction months after a final order dismissing the case is arbitrary and literally without precedent.  Similarly, the three (3) judges of OCCA majority make unreasonable factual determinations of "unauthorized" like Judge

Hudson's false declaration that the mandate on *Bosse* was not issued or suspended in this case.

Likewise, the Petitioner has a liberty interest protected by a clear, specific and exclusive method under Oklahoma law for the State to seek relief from the district court's order freeing her.  It chose not to do so and it was a substantive due process violation for OCCA to allow the State an unlawful remedy now;

The Respondent and OCCA ignore numerous statutory and procedural bars to rectify a problem of the State's own making.  The Petitioner has a substantial and legitimate expectation OCCA will follow its own rules and laws.  Upending an un-appealed  final order is a structural error which is basic to due process and equal protection.

WHEREFORE, premises considered, the Petitioner prays that the her re-conviction  be prohibited by law.

### SIGNATURE AND CERTIFICATE OF COUNSEL

♦    By my signature below, I swear or affirm under penalty of perjury that:
     the facts alleged in this motion are true and correct to the best of my
     knowledge and belief; and,

♦    these matters are raised in good faith, in the interests of justice, and not for the
     purposes of delay.

Respectfully submitted to the Court and delivered to:

The District Attorney
Courthouse
500 S. Denver
Tulsa, Ok
skunzweiler@tulsacounty.org

The Honorable Tracy Priddy
Judge of the District Court
Tulsa, OK
tracy.priddy@oscn.net

As of April 25, 2023, by


 /s/ Richard O'Carroll
Richard O'Carroll, OBA # 11947
***O'Carroll & O'Carroll***
2171 N. Vancouver
Tulsa, OK 74127
918-581-2464
troc@cox.net

**ATTORNEY FOR KIMBERLY GRAHAM\**