IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMBERLY GRAHAM, | ) |
|       Petitioner, | ) ) ) |
| v. | )   Case No. 23-CV-0164-CVE-SH |
| TAMIKA WHITE, Warden, | ) ) ) |
|       Respondent. | ) ) |

**RESPONSE IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS[1]**

The Attorney General of the State of Oklahoma, Gentner F. Drummond, appearing on behalf of Respondent Warden Tamika White,[2] in response to the petition for writ of habeas corpus filed herein, shows the Court as follows:

1. Petitioner, Kimberly Graham, who is in the custody of the Oklahoma Department of Corrections ("DOC"), appearing through counsel, has filed with this Court a petition seeking federal habeas relief from her convictions and sentences. *See* Doc. 1.

2. The instant petition challenges a judgment and sentence entered on September 1, 2009, in the District Court of Tulsa County, State of Oklahoma, Case No. CF-2007-5987, wherein Petitioner was convicted of five counts of First Degree Manslaughter, in violation of Okla. Stat. tit. 21, § 711 and one count of Leaving the Scene of a Fatality Accident, in violation of Okla. Stat.

---

[1] Petitioner includes a request for an injunction and/or an order that she be released on bail and/or a stay in her "Prayer for Relief". Pet. at 7-8 (references are to the Court's ECF pagination). Petitioner has waived these requests by not even setting forth the standards therefore, much less attempting to satisfy them. *See (John) Grant v. Trammell*, 727 F.3d 1006, 1025 (10th Cir. 2013) ("Even a capital defendant can waive an argument by inadequately briefing an issue[.]").

[2] Petitioner named as Respondents Tulsa County Sheriff Victor Regalado and Tulsa County District Judge Tracy Priddy. However, as the proper respondent is Petitioner's custodian, this Court dismissed Sheriff Regalado as a party respondent upon his motion and substituted Warden White in place of Judge Priddy as party respondent. Doc. 5.

tit. 47, § 102.1.³  Petitioner was sentenced to twenty years imprisonment for each manslaughter conviction and seven years imprisonment for leaving the scene of a fatality accident, with all sentences to run consecutively.

3. Petitioner filed a direct appeal of her convictions. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Petitioner's convictions and sentences in an unpublished opinion (Resp. Ex. "1", Brief of Appellant; Resp. Ex. "2", Brief of Appellee; Resp. Ex. "3", Reply Brief of Appellant; Resp. Ex. "4", Appellant's Supplemental Brief; Resp. Ex. "5", Summary Opinion).

4. Petitioner filed an application for post-conviction relief in Tulsa County District Court Case No. CF-2007-5987 on November 21, 2012. That application remained pending until August 30, 2017, when Petitioner filed a supplement to the application alleging the State of Oklahoma lacked jurisdiction over her crimes based on her status as an Indian and the location of the crimes within Indian country (Resp. Ex. "6").⁴ On April 8, 2021, Judge Priddy granted post-conviction relief pursuant to *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020) (holding the Muskogee reservation was not disestablished for purposes of the Major Crimes Act, 18 U.S.C. § 1153). (Resp. Ex. "7").

5. On August 12, 2021, the OCCA held that *McGirt* does not apply retroactively to cases that were final on direct review when *McGirt* was decided. *State ex rel. Matloff v. Wallace*, 497

---

³ Petitioner also alternatively brings her petition pursuant to 28 U.S.C. § 2241. Doc. 1 at 1. However, this counseled application has not offered, and has therefore waived, any argument as to how § 2241 provides a viable avenue for Petitioner's claim to receive habeas review. In any event, § 2241 petitions are limited to "attack[s] on the execution of [a] sentence." *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Here, Petitioner is not challenging the execution of her sentence—rather, she is alleging that the state courts violated her due process rights in reinstating her convictions. In other words, she has no challenge to the imprisonment itself; her complaint is as to the post-conviction proceedings that reinstated her sentences. Section 2241 does not provide her a means to bring her claim.

⁴ For this reason, although Petitioner's convictions became final on direct appeal when she failed to seek a writ of certiorari from the United States Supreme Court on November 30, 2011, the instant petition is timely due to statutory tolling. *See* 28 U.S.C. § 2244(d)(2).

P.3d 686 (Okla. Crim. App. 2021). On August 25, 2021, the State filed in Tulsa County Case No. CF-2007-5987, a Motion to Vacate Order Granting Post Conviction Relief, Reinstate Conviction and Sentences, and Remand to Custody based on *Matloff* (Resp. Ex. "8"). On November 18, 2021, Judge Priddy granted the State's motion but stayed her order to permit Petitioner to seek relief from the OCCA (Resp. Ex. "9").

      6. On November 19, 2021, Petitioner filed on application for writ of prohibition in OCCA Case No. PR-2021-1332 (Doc 1-1 at 43-54; Resp. Ex. "10", Response to Petitioner's Application to Assume Original Jurisdiction and Petition for Writ of Prohibition; Resp. Ex. "11" Response to Order Directing Response; Resp. Ex. "12", Petitioner's Motion to Strike the Attorney General's Response to Order Directing Response for Failing to Serve the Adverse Party; Resp. Ex. "13", Notice Regarding Service and Objection to Petitioner Graham's Motion to Strike Response). On April 18, 2023, the OCCA denied the writ of prohibition (Doc. 1-1 at 4-41[5]). On April 26, 2023, the Re-instated Judgment and Sentence was filed in Tulsa County Case No. CF-2007-5987 (Resp. Ex. "14).

      7. Petitioner's claim is exhausted.

      8. Respondent respectfully submits that records of Petitioner's trial proceedings are irrelevant to the federal question raised by Petitioner. In Petitioner's post-conviction proceeding, there was one hearing, on November 5, 2021, regarding the State's motion to vacate post-conviction relief, that was recorded but not transcribed.

---

[5] All page citations to documents filed in this Court are to the Court's ECF pagination.

9. Petitioner's petition was filed on April 25, 2023. Doc. 16. This Court ordered Respondents to respond to the petition by May 9, 2023. Doc. 2. Therefore, this response is timely filed.

## **STANDARD OF REVIEW**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), a petition for a writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(d)(1) applies to questions of law and mixed questions of law and fact. *Gilson v. Sirmons*, 520 F.3d 1196, 1233 (10th Cir. 2008); *Hamilton v. Mullin*, 436 F.3d 1181, 1194 (10th Cir. 2006). Section 2254(d)(2) applies to questions of fact. *Hamilton*, 436 F.3d at 1194.

The Supreme Court has emphasized that "clearly established Federal law" as used in section 2254(d) "'refers to the holdings . . . of [the Supreme] Court's decisions as of the time of the relevant state-court decision.'" *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). In *Kane v. Garcia Espitia*, 546 U.S. 9 (2005) (*per curiam*), the Supreme Court also made clear that broad generalizations in its opinions do not justify the circuit and district courts in finding points of law not specified in such opinions to be "clearly established" for AEDPA purposes. Thus, the Tenth Circuit has held that Supreme Court holdings "must be construed narrowly and consist only of something akin to on-point holdings." *House v.*

*Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008). The absence of clearly established law is dispositive. *Id*. at 1017.

A state court decision is contrary to clearly established federal law when it reaches a conclusion opposite to that of the Supreme Court on a question of law or decides a case differently than the Supreme Court has on materially indistinguishable facts. *Williams*, 529 U.S. at 405.

A state court decision involves an unreasonable application of clearly established federal law when the state court correctly identifies the governing legal principle but applies it to the facts of the particular case in an unreasonable manner. *Valdez v. Bravo*, 373 F.3d 1093, 1096 (10th Cir. 2004). In *Harrington v. Richter*, 562 U.S. 86, 101-02 (2011), the Supreme Court criticized a federal court of appeals for effectively reviewing a petitioner's ineffective assistance of counsel claim *de novo* and then declaring that the state court's decision was an unreasonable application of clearly established federal law. The Supreme Court made clear that "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id*. at 101 (internal quotation marks omitted). The standard set by AEDPA was meant to be difficult to meet. *Id*. at 102. Thus, a habeas petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103. Even a strong case for relief on direct review does not mean that the state court's denial of relief was unreasonable. *Id*. at 102.

A habeas petitioner's ability to obtain relief is limited because habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id*. at 102-03 (quotation marks omitted). Finally, the standard

set by AEDPA is even more difficult to meet when the rule established by the Supreme Court is a general one. *Id*. at 101.

As for 28 U.S.C. § 2254(d)(2), "where the state courts plainly misapprehend or misstate the record in making their findings, and the misapprehension goes to a material factual issue that is central to petitioner's claim, that misapprehension can fatally undermine the fact-finding process, rendering the resulting factual finding unreasonable." *Byrd v. Workman*, 645 F.3d 1159, 1171-72 (10th Cir. 2011) (quoting *Taylor v. Maddox,* 366 F.3d 992, 1001 (9th Cir. 2004)). A state court's factual finding is not unreasonable unless "all '[r]easonable minds reviewing the record' would agree it was incorrect.'" *(Raye Dawn) Smith v. Aldridge*, 904 F.3d 874, 880 (10th Cir. 2018) (quoting *Brumfield v. Cain*, 576 U.S. 305, 314 (2015)).

Finally, state court determinations of fact "shall be presumed correct" unless Petitioner rebuts the presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Thus, a state court's decision cannot be said to be based on an unreasonable determination of the facts until a petitioner has shown by clear and convincing evidence that the state court's factual determination was incorrect. *See Black v. Workman*, 682 F.3d 880, 896-97 (10th Cir. 2012) (refusing to grant relief under section 2254(d)(2) because the petitioner had failed to present clear and convincing evidence to rebut a state court's factual finding); *accord Ben-Yisrayl v. Buss*, 540 F.3d 542, 549 (7th Cir. 2008) (holding section 2254(e)(1) "provides the mechanism for proving unreasonableness" under section 2254(d)(2)); *Trussell v. Bowersox*, 447 F.3d 588, 591 (8th Cir. 2006) (requiring the petitioner to satisfy section 2254(e)(1) in order to obtain relief under section 2254(d)(2)); *but see Wood v. Allen*, 558 U.S. 290, 300–01 (2010) (declining to decide the relationship between section 2254(d)(2) and section 2254(e)(1)); *Grant v. Trammell*, 727 F.3d 1006, 1024 n.6 (10th Cir. 2013) (same).

## **ARGUMENT AND AUTHORITY**

### **PETITIONER'S COMPLAINTS REGARDING THE REINSTATEMENT OF HER CONVICTIONS ON POST-CONVICTION REVIEW ARE NOT COGNIZABLE ON FEDERAL HABEAS REVIEW.**

Petitioner alleges the state district court violated state law by reinstating her convictions and the OCCA violated state law by failing to issue a writ of prohibition. Petitioner's arguments regarding state post-conviction procedure are not cognizable in a federal habeas corpus proceeding. She is not entitled to a writ of habeas corpus.

As detailed above, Petitioner's convictions were reversed on post-conviction review but subsequently reinstated by the state district court based on *Matloff*, a state law decision interpreting the scope of state post-conviction review. *See Matloff*, 497 P.3d at 689 (relying upon the court's "independent state law authority to interpret the remedial scope of the state post-conviction statutes"). Habeas relief is available to state prisoners "only on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Aside from four fleeting references to federal cases, addressed below, Petitioner relies exclusively on arguments that the OCCA violated state law. Petitioner is foreclosed from obtaining a writ of habeas corpus based upon alleged errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (a claim that the state court misapplied its own precedent cannot be the basis for a writ of habeas corpus); *(Donald) Grant v. Royal*, 886 F.3d 874, 948 n. 25 (10th Cir. 2018) ("we are at a loss to understand how any purported inconsistency in the OCCA's *own (state law) precedent* produced by the OCCA's ruling in Mr. Grant's case is germane to our inquiry under AEDPA—where the unalloyed legal concern is clearly established *federal* law") (emphasis adopted); *Sellers v. Ward*, 135 F.3d

1333, 1339 (10th Cir. 1998) (assuming the OCCA misconstrued a state statute, "the error is one of state law not cognizable in habeas corpus because 'federal habeas corpus relief does not lie for errors of state law'") (quoting *Jeffers,* 497 U.S. at 780).

In addition, Petitioner's claim is further not cognizable because it attacks state post-conviction proceedings and not the constitutionality of her original judgment and sentence. *Id.* ("The first hurdle Petitioner must overcome is that his principal constitutional argument does not revolve about trial error but about matters that occurred subsequently. . . . Moreover, because the constitutional error he raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim."); *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) ("Steele's claim challenging the Oklahoma post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"); *Word v. Lord*, 648 F.3d 129, 131 (2d Cir. 2011) ("We deny Word's application because her new petition, which purports to assert a due process challenge to New York's collateral post-conviction proceedings, does not state a claim that is cognizable under federal habeas review."); *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986) ("[O]ther circuits . . . have concluded . . . that the writ is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings such as Kirby claims here because the claims address collateral matters and not the underlying state conviction giving rise to the prisoner's incarceration.") (collecting cases). Petitioner's claim is that the state court violated her due process rights on post-conviction in reinstating her convictions, not

that her convictions themselves violate due process—such a claim is simply not reviewable on habeas.[6]

Even assuming *arguendo* Petitioner does raise a federal claim, and even assuming *arguendo* a claim of the denial of due process in post-conviction proceedings is cognizable on habeas, her failure to identify any Supreme Court case that clearly establishes that due process may be violated when a state court reinstates a conviction following an erroneous grant of post-conviction relief is dispositive of the petition. *House*, 527 F.3d at 1017. Petitioner cites only four Supreme Court cases, none of which is remotely similar to her case.

Respondent will show these cases do not provide clearly established law applicable to Petitioner's claim. First, however, Petitioner has waived any argument that she has satisfied § 2254(d)(1). It is Petitioner's burden to overcome AEDPA. *Richter*, 562 U.S. at 98. Petitioner's failure to make any argument that the OCCA's decision was contrary to, or an unreasonable application of, any Supreme Court decision is fatal to this claim.[7] *See Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) ("If Plaintiffs were pro se, we would construe their pleadings liberally. . . . But they are represented by counsel, and we expect attorneys appearing before this court to state the issues on appeal expressly and clearly, with theories adequately identified and supported with proper argument."); *(Donald) Grant*, 886 F.3d at 914 ("Mr. Grant would be hard-pressed to satisfy [28 U.S.C. § 2254(e)(1)] here because he makes no effort to take up the cudgel by making specific arguments under § 2254(e)(1)'s framework to rebut the presumption of correctness."); *id*.

---

[6] Petitioner has not made, and has therefore waived, any challenge to the *Matloff* decision. *See (John) Grant v. Trammell*, 727 F.3d 1006, 1025 (10th Cir. 2013) ("[e]ven a capital defendant can waive an argument by inadequately briefing an issue").

[7] Petitioner makes one argument under § 2254(d)(2). But, as will be discussed, the finding she challenges is not a factual one.

at 929 (the petitioner's brief assertion that his case would have been stronger had counsel performed reasonably "falls patently short of satisfying the AEDPA standard").

This Court should hold that Petitioner has waived any argument she might have that the OCCA's decision was legally unreasonable per § 2254(d)(1).[8]  *See (Donald) Grant*, 886 F.3d at 914, 929; *Mitchell v. Sharp*, 798 F. App'x 183, 197 (10th Cir. 2019) (unpublished) ("We could reject the *Hicks* claim on the sole basis that Mr. Mitchell has not advanced any arguments relating to the AEDPA standard."); *(John) Grant v. Trammell*, 727 F.3d 1006, 1025 (10th Cir. 2013) ("[e]ven a capital defendant can waive an argument by inadequately briefing an issue").

Respondent will now address the four cases cited by Petitioner before rebutting his allegation that the OCCA's decision is based on an unreasonable determination of the facts.

First, Petitioner claims she

> had a "substantial and legitimate expectation" that the Respondent's un-appealed order dismissing her case was final. *See Hicks v. Oklahoma*, 447 U.S. 343 [(1980)] (wherein the Court held that state law error, is cognizable in federal habeas corpus when it results in a deprivation of a liberty interest in violation of his Fourteenth Amendment rights).

Doc. 1 at 15, 22.  But the OCCA held that the trial court's ruling was in compliance with state law. Doc. 1-1 at 6-7.  This Court is bound by the OCCA's interpretation of state law.  *See Estelle*, 502 U.S. at 67-68; *Jeffers*, 497 U.S. at 780.  That ends any possible due process inquiry under *Hicks*. *See Ross v. Oklahoma*, 487 U.S. 81, 91 (1988) (the petitioner "received all that Oklahoma law

---

[8] The OCCA's failure to cite any of the Supreme Court cases relied upon by Petitioner or expressly address their potential applicability does not relieve Petitioner of her burden under § 2254(d)(1). *See Johnson v. Williams*, 568 U.S. 289, 298-301 (2013) (establishing a rebuttable presumption that a state court has addressed every claim before it on the merits); *Richter*, 562 U.S. at 98 ("a state court need not cite or even be aware of our cases under § 2254(d)").  Indeed, Petitioner does not claim otherwise.

allowed him, and therefore his due process challenge fails"); *Johnston v. Luebbers*, 288 F.3d 1048, 1053 n.3 (8th Cir. 2002) (denying relief under *Hicks* where the state's highest court held the trial court's ruling did not violate state law).

In any event, *Hicks* held that

> Where, however, a State has provided for the imposition of criminal punishment in the discretion of the trial jury, it is not correct to say that the defendant's interest in the exercise of that discretion is merely a matter of state procedural law. The defendant in such a case has a substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion . . . and that liberty interest is one that the Fourteenth Amendment preserves against arbitrary deprivation by the State.

*Hicks*, 447 U.S. at 346.

Supreme Court holdings must be construed narrowly and contextually. *House*, 527 F.3d at 1015-16; *see White v. Woodall*, 572 U.S. 415, 427 (2014) (if a Supreme Court decision must be extended in order to apply to the situation in the case at bar, that precedent is "clearly established" only if all fairminded jurists would agree the precedent applies to the facts at hand); *Carey v. Musladin*, 549 U.S. 70 (2006) (holding prior cases involving state-sponsored courtroom practices could not be extended to find due process violated by spectators' decision to wear buttons with the victim's photograph).

The reach of *Hicks* has been interpreted as quite narrow. *See Mitchell*, 798 F. App'x at 197-98 ("*Hicks* thus decided that when a state law provides for a jury to impose a sentence, a defendant has a due process right for the jury to be instructed under a constitutional standard" and did not supply clearly established law for the petitioner's resentencing due process claim); *Cole v. Trammell*, 755 F.3d 1142, 1171 (10th Cir. 2014) ("*Hicks*, which involved a defendant who was effectively deprived of the right to have a jury exercise its discretion to impose a sentence on him,

is not remotely on point" with the petitioner's claim that the OCCA applied an incorrect legal standard); *accord Carter v. Bowersox*, 265 F.3d 705, 714–15 (8th Cir. 2001) (*Hicks* holds that some state law guarantees *as to sentencing* are so fundamental that their disregard may violate due process).

"By framing [the Supreme Court's] precedents at such a high level of generality [as urged by Petitioner], a lower federal court could transform even the most imaginative extension of existing case law into 'clearly established Federal law, as determined by the Supreme Court.'" *Nevada v. Jackson*, 569 U.S. 505, 512 (2013); *see also Woods v. Donald*, 575 U.S. 312, 318 (2015) (*per curiam*) (criticizing the lower court for "fram[ing] the issue at too high a level of generality"). Because none of the Supreme Court's cases relied upon by Petitioner "confront 'the specific question presented by this case,' the state court's decision could not be 'contrary to' any holding from th[at] Court." *Woods*, 575 U.S. at 317 (quoting *Lopez v. Smith*, 574 U.S. 1, 6 (2014) (*per curiam*)); *see Lopez*, 574 U.S. at 5-6 (reversing where the circuit court relied upon three cases for an abstract, general proposition). Petitioner is not entitled to relief under *Hicks*. *See (Donald) Grant*, 886 F.3d at 945-46 (declining to find the OCCA's decision unreasonable in the absence of any cases in which "the Supreme Court has approved of a grant of habeas relief under circumstances like those" in that case).

Petitioner also claims that the OCCA's decision is incorrect because, "having relinquished custody of the Petitioner by vacating her conviction, the State no longer has jurisdiction of her because she is Native. *See McGirt v. Oklahoma*, 140 S. Ct. 2452, 207 L. Ed. 2d 985 (2020)." Pet. at 17. The holding in *McGirt* was that the Muscogee Nation's reservation in Eastern Oklahoma had not been disestablished. *See Pacheco v. El Habti*, 48 F.4th 1179, 1184 (10th Cir. 2022)

12

(*McGirt* "held that the Creek Reservation had never been disestablished"). *McGirt* said nothing about whether a state district court could reinstate a conviction which it erroneously vacated.

Next, Petitioner challenges the OCCA's decision because, "[f]or example, when the [Supreme] Court imposed the good faith exception on the exclusionary rule, none of the citizens who were released prior to that change in *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed.2d 677 (1984), w ere [sic] re-arrested." Pet. at 18-19. Petitioner's own description of *Leon* demonstrates its inapplicability to this claim.

Petitioner's final federal legal argument is that the Supreme Court "has held that procedural bars supercede actual innocence. *See Herrera v. Collins*, 506 U.S. 390, 113 S. Ct. 853, 122 L. Ed.2d 203 (1993)(wherein the Court held  held [sic] that a claim of actual innocence based on newly discovered evidence did not state a ground for federal habeas relief)." Pet. at 19. Again, *Herrera* is not remotely on-point.

Petitioner's claim fails for lack of clearly established federal law. *See House*, 527 F.3d at 1017 (the absence of clearly established federal law is dispositive).

Finally, Petitioner claims the "OCCA made a[n] erroneous factual error regarding the validity of *Bosse v. State*, 2012 OK CR 3, now vacated, 2021 OK CR 23, on April 8, 2023, in an effort to rationalize the irrational." Pet. at 19 (bold, italics and capitalization removed). In fact, Petitioner challenges the following discussion by *concurring* Judge Robert L. Hudson:

> [w]e stayed the mandate in *Bosse* for forty-five days at the request of the Attorney General who, in turn, obtained a stay of mandate from the United States Supreme Court pending the timely filing and disposition of the State's petition for writ of certiorari.  See *Oklahoma v. Bosse*, _U.S._, 141 S. Ct. 2696 (May 26, 2021).  The net result was our decision in *Bosse* was not final.

13

Pet. at 20 (quoting Doc. 1-1 at 26) (alteration adopted).[9] Petitioner seems to claim these statements constitute unreasonable factual findings because the trial court granted his post-conviction application on April 8, 2021, whereas the OCCA stayed the mandate in *Bosse* on April 9, 2021. Pet. at 20. Petitioner's argument fails for four reasons.

*First*, Judge Hudson's separate writing does not constitute a holding of the court. Petitioner has failed to show the "judgment of a State court" (i.e., the OCCA) was an "adjudication of the claim . . . that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). *See Byrd v. Workman*, 645 F.3d 1159, 1172 (10th Cir. 2011) (describing § 2254(d)(2) as daunting because the state court's ultimate decision must be "based on" an unreasonable factual finding).

*Second*, the OCCA's decision in Petitioner's case was compelled by *Matloff*. *See* (Doc. 1-1 at 6 ("Because the convictions in this matter were final before the July 9, 2020, decision in *McGirt*, the holding in *McGirt* does not apply . . . .")). The court referenced *Bosse* only to note that Judge Priddy's decision to reinstate the conviction was particularly appropriate "given the misdirection our original decision in *Bosse* gave to both the District Court and the parties." (Doc. 1-1 at 6-7). The OCCA's decision was not "based on" when the mandate in *Bosse* became final, but on the fact that the decision in *Bosse*—issued on March 11, 2021—provided "misdirection" to Judge Priddy.

---

[9] Assuming Petitioner is also challenging Judge William J. Musseman's special concurrence to the extent he referred to the trial court's order as a "timely correct[ion] [to] an order unauthorized by law", Pet. at 20, this argument fails for the same reasons as his reliance upon Judge Hudson's comments. As a matter of state law, Judge Priddy's order granting post-conviction relief was unauthorized by state law. *See Matloff*, 497 P.3d at 687 (holding the respondent's April 12, 2021 order granting post-conviction relief pursuant to *McGirt* was "unauthorized by law").

14

*Third*, the date of a decision's finality would appear to be a question of law, or a mixed question of law and fact, rather than a purely factual question. Petitioner cannot satisfy § 2254(d)(2). *See (Donald) Grant*, 886 F.3d at 920 n.17 (refusing to evaluate an argument involved a mixed question of law and fact under § 2254(d)(2)).

*Fourth*, while the mandate in *Bosse* originally issued on April 7, 2021, it was *recalled* only two days later.[10] As Petitioner admits, the decision was subsequently withdrawn. Petitioner has not provided any Oklahoma law which would establish that Judge Hudson's belief that *Bosse* was not a final decision given this sequence of events is incorrect, much less unreasonable. *See Brumfield v. Cain*, 576 U.S. 305, 314 (2015) (section 2254(d)(2) is not satisfied merely because reasonable minds might disagree about the correctness of the state court's finding).

Petitioner has failed to satisfy § 2254(d). Her petition for a writ of habeas corpus should be denied.

## **CONCLUSION**

Based on the above and foregoing law and reasoning, federal habeas corpus relief is unwarranted. Petitioner's petition for federal habeas corpus relief should therefore be denied in its entirety by this Court.

---

[10] https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PCD-2019-124&cmid=125798

Respectfully submitted,

**GENTNER F. DRUMMOND**
**ATTORNEY GENERAL OF OKLAHOMA**

s/Jennifer L. Crabb
**JENNIFER L. CRABB, OBA# 20546**
**ASSISTANT ATTORNEY GENERAL**
313 N.E. 21st Street
Oklahoma City, Oklahoma 73105
(405) 521-3921      FAX (405) 522-4534
Service email: fhc.docket@oag.state.ok.us
**ATTORNEYS FOR RESPONDENT**
**WARDEN TAMIKA WHITE**

## CERTIFICATE OF SERVICE

**X**   I hereby certify that on this 9th day of May, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Richard O'Carroll
troc@cox.net

s/Jennifer L. Crabb
JENNIFER L. CRABB